AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
October 19, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 4:21-mj-2016 |
| Ricardo Cesar Guedes ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
      § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
      Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
      (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs
      (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
      described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
      jurisdiction had existed, or a combination of such offenses; **or**

   ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
     § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
     to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
     committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the

defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☐ Lack of stable residence
☒ Lack of financially responsible sureties

☒ Lack of significant community or family ties to this district
☒ Significant family or other ties outside the United States
☒ Lack of legal status in the United States
☒ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☒ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Evidence Presented

On September 24, 2021, the Court held a hearing to determine whether Defendant Ricardo Cesar Guedes should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f)(2). Defendant was charged in a Criminal Complaint with false statement in the application and use of a passport in violation of 18 U.S.C. § 1542, aggravated identity theft in violation of 18 U.S.C. § 1028A, false personation of a citizen of the United States in violation of 18 U.S.C. § 911, and entry by false pretenses to any secure area of any airport in violation of 18 U.S.C. § 1036 (a)(4). Assistant United States Attorney Michael Day appeared on behalf of the United States (the "Government"); Assistant Federal Public Defender Rosa Victoria Gilcrease-Garcia appeared on behalf of Defendant.

Defendant's Background

Defendant is 49 years old, and was born in San Paulo, Brazil. He entered the United States in 1996 and resided in various states before settling in Houston, Texas in 2021. His parents reside in Brazil. Since 2013, Defendant has resided in a house he owns in Houston. Defendant has a U.S. Passport. His spouse is an alien from Brazil. They married in August 2020. Since March 1997, Defendant has been employed as a flight attendant with United Airlines. He would not be able to return to his employment if released on bond. Defendant has no criminal history. ICE lodged a detainer against him.

Evidence Regarding the Pending Complaint

At the hearing, the Government offered testimony of Special Agent ("Agent") with the Diplomatic Security Service of the U.S. Department of State, concerning the investigation and Defendant's subsequent arrest. The Court finds the Agent's testimony to be credible. He testified to the following:

The investigation began in approximately December 2020 when the U.S. Department of State Bureau of Consular Affairs conducted records checks while processing a passport renewal application in the name of William Ericson Ladd. Consular Affairs identified two fraud indicators in the application. The first was that there was a substantial gap between the date the associated social security number ("SSN") was issued and the applicant's date of birth. The SSN was issued in 1996, 22 years after the date of birth in 1974. The second fraud indicator was a death certificate, establishing that William Ericson Ladd died in 1979. The death certificate had the same date of birth as in the passport renewal application.

Agent received a referral and started an investigation. Over the phone, agent spoke to the parents of William Ericson Ladd; both are still living. Other agents interviewed them in person. The parents confirmed that their son William Ericson Ladd died in a traffic accident in 1979. He was born on September 14, 1974, in Georgia. He died in the State of Washington on August 8, 1979. His mother's name at the time was Deborah Ladd. Her maiden name was Deborah Green.

Agent gathered the passport applications and found the following:

1. The initial application, DS-11, was made on August 14, 1998. A Virginia driver's license issued in August 1997 was submitted to prove identity. A Georgia birth certificate filed in 1974 but issued in September 1996 was also submitted to

prove citizenship. The application said that his father was born in California in 1947 and his mother was born in Indiana in 1949. Based on this application, a passport was issued with an expiration date in 2008. The information about William Ericson Ladd's parents was false. In fact, the parents were born a decade later in different states.

2. In 2006, an amendment was submitted to add more pages to the passport.

3. In 2007, a renewal application, DS-82, was submitted to renew the first passport. The renewal was valid from 2007 through October 30, 2017.

4. In 2009, an amendment was submitted to add more pages.

5. On July 24, 2013, a renewal application, DS-82, was submitted at the U.S. Passport Office in Houston, Texas. A new passport was issued, which was valid from July 24, 2013 through July 23, 2023. A passport card with the same dates was also issued.

6. On November 5, 2015, a walk-in application was submitted to the Passport Office in Houston. A passport with limited validity for two years 2015-2017 was issued.

7. In December 2020, another application was submitted. This is the application that triggered the investigation. The application sought to change the name to add the last name of his spouse.

Applications for passports are made under penalty of perjury. The form states that the applicant must be a citizen. If the applicant was claiming to be an American citizen by birth, the form requires a birth certificate showing the applicant was born in the United States.

The investigators searched social media for William Ericson Ladd and found photos of the Defendant. On social media, he used the screen name Eric_onbboard on his Twitter account, and W. Eric Ladd on his Facebook account. His Twitter, Instagram, Facebook, and LinkedIn accounts all referred to Eric. He is also referred to as Rik or Ric. There are references in pictures on the accounts to Ladd. There are no references to Guedes. The social media accounts had multiple pictures of Defendant with his family in Brazil.

Investigators also obtained documents through publicly available information that led them to a woman named Maria Auxiliadora Duarte Guedes, they believed was Defendant's mother. She lives in Brazil. They determined Mrs. Guedes had a son born in Brazil. The investigation found Defendant's Brazilian National identification card, which showed that he was the son of Mrs. Guedes. A fingerprint was tied to this identification. Defendant had submitted fingerprints for his job as a flight attendant with United Airlines, which the investigators obtained from U.S. government records. A comparison of the fingerprints showed they matched. The investigators determined that the person who applied for the passports was in fact Ricardo Cesar Guedes.

Defendant was working for United Airlines as a senior flight attendant using the name William Eric Ladd. Investigators conducted surveillance at Intercontinental Airport Houston ("IAH"). They obtained information on Defendant's flight schedule and knew when he would be leaving and returning. Investigators watched Defendant depart his residence and followed him to the airport. Defendant entered IAH Terminal C where United operates. He walked through the special security check point and passed into the sterile area, where only known crew can pass. The public is not allowed in the sterile area. Agent followed Defendant through the sterile area, to the gate and watched him until he boarded the plane and the flight departed. In 2020, Defendant made 40 trips overseas. Defendant works mostly on international flights, including to Amsterdam, Argentina, Brazil, Chile, Ecuador, and Peru. Approximately half of the trips were to Brazil where his parents live.

Defendant purchased assets using the name William Ericson Ladd. Defendant purchased his home using the name William Ladd, who appears in the Harris County Appraisal District records as the owner. He purchased a BMW, that is registered in the name of William Ladd. Allied Financial has a lien on the car, which means that he applied for and obtained a loan using this false name.

Defendant's spouse applied for immigration status based on Defendant's U.S. citizenship.

Defendant was arrested on September 22, 2021, at IAH. Customs & Boarder Protection agents met Defendant and his co-workers at the gate. They were all escorted to the inspection area. Defendant's bags were inspected. He was brought to a private room. He initially identified himself as William Ericson Ladd and turned over his passport. During the interview, Agent gave him a Department of State warning that it is a federal crime to lie to the Agent. Defendant signed a form that the warning was given and signed a waiver after receiving his Miranda warning. Defendant confirmed that he recognized the passport applications submitted, including the 1998 original application, the 2013 and 2018 renewals, and the 2020 name change application. Defendant said he was born in the United States but was raised in Brazil and his parents were missionaries. When the Agent told him they had a death certificate for William Ericson Ladd, Defendant was silent. Defendant invoked his right to silence when showed the picture of William Ericson Ladd's grave in Alabama. He was placed under arrest.

While Agent searched him at the airport, Defendant said, "I had a dream, and the dream is over. Now I have to face reality." Defendant was processed and fingerprinted. On the fingerprint sheet, he had to sign his name. He asked what name he should put on the form. He was told to use his true name. He signed the form R. Cesar Guedes.

A search warrant was executed on his residence. Investigators found 2 copies of the birth certificate for William E. Ladd, a social security card with the name Ricardo Cesar Guedes signed on it. Defendant's spouse spoke to the agents who executed the search warrant. He told them that he entered the country on a valid tourist visa. Defendant is sponsoring him for lawful permanent resident status as the spouse of a U.S. citizen, using the William Ericson Ladd identity. The spouse was recently granted work authorization. He knows Defendant from their childhood growing up in Brazil. They referred to each other as cousins even though they are not really related. He was aware that Defendant used the name Guedes before he used the name Ladd.

The border crossing records show that Ricardo Guedes entered the country in 1994 and 1996 on a tourist visa. There is no record that he has any lawful status in the United States. ICE lodged a detainer against him.

Defendant's Proffer

Defendant proffered that Defendant's husband is in the country lawfully, has a social security card, employment, and is willing to serve as a third-party custodian. Defendant has been in the country since 1996, has worked for United Airlines, is a kind a loving person, has mental health issues for which he is taking medication, and will comply with any bond conditions. In support of release, Defendant offered several exhibits, including the employment authorization card for Defendant's spouse, photos showing his recognition for 20 years of service with United Airlines, and emails regarding his participation in various humanitarian flights to bring Afghan and U.S. citizens to the U.S. from Afghanistan.

Order

The complaint and evidence establish probable cause that Defendant committed the crimes with which he has been charged, using someone else's identity to apply for and renew a U.S. passport and entering secure areas of the airport. The nature and circumstances of the alleged offenses are very serious. The evidence against Defendant is overwhelming. During his arrest, Defendant essentially admitted to using the false identity to live his dream life. Defendant signed his fingerprint chart using his real name, R. Cesar Guedes, and his fingerprints in the U.S. database under his false name matched his Brazilian National identity card fingerprints. In addition, the Government has established by a preponderance of the evidence that the Defendant is a flight risk because he is faced with four charges stemming from his use of someone else's identity. These charges carry significant punishment, giving him an incentive to flee. Defendant has no significant ties to the community in his legal name. Although he has lived and worked in the United States for more than 20 years, he used his false identity to obtain and maintain his job with United Airlines, which he apparently lost since his arrest. He owns property in Houston, but the house and car are owned in his false name and apparently the financings on them were also obtained using the false name. He is not a citizen, he has no legal status, and there is an ICE detainer lodged against him. He has significant ties to Brazil and has travelled extensively internationally, enabling him to flee

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

more easily. Although Defendant has not committed any violent crimes over the past 20 years during which he has been using the false identity to live the life of a U.S. citizen, he has committed multiple crimes though the passport application and renewal process, entering the secured areas of the airport, and apparently obtaining loans under the false identity. His spouse has applied for legal status based on Defendant's sponsorship, using the false identity and citizenship, which will likely result in his spouse's loss of legal immigration status. He has no surety, and no viable third-party custodian.

The Court finds that there are no conditions or combinations of conditions of release that will reasonably assure the Defendant's appearance in court as required.   Therefore, detention is ORDERED.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     10/18/2021                                                  *Dena Palermo*

United States Magistrate Judge